**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KATHLEEN CALLAHAN, individually and
on behalf of all others similarly situated,

    *Plaintiff*,

v.

DISCOVER FINANCIAL SERVICES, INC.,
a Delaware corporation, DISCOVER BANK,
a Delaware corporation,

    *Defendants*.

Case No. 10-cv-07181

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Kathleen Callahan ("Plaintiff" or "Callahan") by and through her counsel, Edelson McGuire, LLC, brings this Class Action Complaint (the "Complaint") against Defendants Discover Financial Services, Inc. ("DFS") and Discover Bank (collectively referred to as "Discover" or "Defendants") on her own behalf and behalf of all others similarly situated who were charged without authorization for Defendants' Payment Protection Program. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### Nature of the Case

1.    According to Discover, "[w]hen you need help the most, Discover Payment Protection will be at your side." The Discover Payment Protection Program (the "Program") is designed to suspend an account holder's obligation to pay their credit card accounts, including interest and fees, in times of economic hardship and other difficulties.

1

2.      Rather than operating the Program to give account holders "peace of mind" as it promises, Discover uses the Program as a significant source of unauthorized revenue.  Indeed, Discover has enrolled potentially thousands of its account holders in the Program without their consent, and repeatedly collected monthly fees for the Program directly from their credit card accounts.

3.      Plaintiff Callahan was one of those consumers.  Beginning in 2005, Discover enrolled Plaintiff in its Payment Protection Program, despite her never actually signing up for the Program or authorizing Discover to charge her for it.

4.      Over the course of five years, Discover charged Plaintiff more than $1,000.00 in Program fees without her authorization, denied her the benefits of the Program, and has yet to provide her a refund of the unauthorized charges.

5.      Discover has profited significantly from these unauthorized charges and refusals to provide consumers the benefits of its Payment Protection Program.  Because the Program generates significant revenue for Discover, it has a vested interest in continuing its unlawful conduct with a maximum disregard for the existence of Discover account holders' informed authorization and consent to be charged.

6.      Accordingly, Plaintiff Callahan brings this class action to obtain relief for herself and the thousands of other Discover credit card account holders nationwide who were charged without their authorization for Discover's Payment Protection Program.

## Parties

7.      Plaintiff Kathleen Callahan is a natural person and citizen of the State of Massachusetts.

8.      Defendant Discover Financial Services, Inc. is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

9.      Defendant Discover Bank is a corporation organized and existing under the laws of the State of Delaware and a wholly owned subsidiary of Defendant Discover Financial Services, Inc.  Discover Bank maintains its corporate headquarters at 502 East Market Street, Greenwood, Delaware 19950.

### Jurisdiction and Venue

10.     This Court has subject matter jurisdiction over Plaintiff's claims arising under the laws of the United States pursuant to 28 U.S.C. § 1331, and, as to all other claims, pursuant to 28 U.S.C. §1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11.     This Court has personal jurisdiction over Defendant DFS because it is headquartered in this District and transacts significant amounts of business within this District, including soliciting business and entering into business contracts.

12.     This Court has personal jurisdiction over Defendant Discover Bank because it transacts significant amounts of business within this District, including soliciting business and entering into business contracts.

13.     Venue is additionally proper because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**<u>Facts Common to All Counts</u>**

***Discover's Payment Protection Program***

14.    Discover claims that its Payment Protection "will help safeguard your account payment history by putting your account on hold during the benefit period if you experience a covered hardship such as disability, hospitalization or one of the other covered events."

15.    The Program also purports to allow account holders to put their payments on hold when "celebrating one of life's happy events, like moving to a new home."

16.    Additionally, the Program also purports to suspend periodic interest charges or late fees during the benefit period and cancel balances in most states in the event of an account holder's death.

17.    The Program is not an automatic benefit provided to all account holders.  Instead, account holders' "purchase of Discover Payment Protection is optional."

18.    The fee for Discover's Payment Protection Program is typically $0.89 per $100.00 of the ending statement balance for each particular month.  Discover adds Program fees directly to the monthly credit card account statement.

19.    If an account holder has a zero balance at the end of a monthly billing cycle, a Payment Protection fee is not assessed.

***Unauthorized Enrollment in Discover's Payment Protection Program***

20.    Upon information and belief, Discover enrolls its credit card account holders in its Payment Protection Program without their authorization in two ways.

21.    First, when a Discover account holder receives a new credit card, they are required to contact Discover by telephone to activate the card before it can be used.  When an

account holder calls to activate their new card, they are often greeted by a Discover representative who summarizes the terms of the new card member agreement.

22.     The telephone representative also references other programs available to the account holder, including Discover's Payment Protection Program.  The representative then requests the account holder to confirm that they would like to be enrolled in the various programs, including the Payment Protection Program.  Regardless of whether the account holder actually gives consent, Discover enrolls the account holder's credit card in its Payment Protection Program and begins assessing recurring monthly charges against the account.

23.     Secondly, Discover unilaterally enrolls its existing credit card account holders in its Payment Protection Program without ever speaking or otherwise communicating with them.

24.     Regardless of the way in which an account holder is enrolled in Discover's Payment Protection Program, Discover continues to assess and collect payments for the recurring monthly Program fees until the account holder discovers the charges and requests that the Program be cancelled.

25.     In any event, and as was Plaintiff Callahan's experience, Discover often does not refund the unauthorized charges it assessed for its Payment Protection Program.

**Facts Specific to Plaintiff Callahan**

26.     Plaintiff Callahan has been a Discover Card account holder since 2000.

27.     In or about 2005, Discover enrolled Plaintiff in its Payment Protection Program and proceeded to assess monthly Program fees on Plaintiff's Discover credit card account.

28.     Plaintiff did not authorize Discover to enroll her in the Program, nor to charge her account for the Program fees.

29.     From 2005 through October 2010, Discover assessed Payment Protection fees on Plaintiff's credit card account for each month the account carried an outstanding balance.

30.     As a result, each month Plaintiff paid Discover for her credit card account, she paid at least a portion of the unauthorized fees that Discover levied against her account.

31.     In total, Discover charged Plaintiff's credit card account more than $1,000.00 in unauthorized Payment Protection Program fees.

32.     In or about September 2010, Plaintiff discovered the unauthorized Payment Protection charges on her account and contacted Discover to request that the charges be canceled.  Discover assured Plaintiff that the Program would be canceled.  It was not.

33.     Plaintiff contacted Discover several more times to request cancellation of the Program.  Each time, Discover assured her that it would be cancelled.  Nevertheless, her credit card account remained enrolled in the Program.

34.     Shortly thereafter, Plaintiff became ill and was unable to meet her financial obligations.  Accordingly, because Discover had failed to cancel the Payment Protection Program on her account, on or about September 25, 2010, Plaintiff contacted Discover and attempted to make a claim to use the benefits of the Program she had paid for.

35.     On or about October 4, 2010, Plaintiff received a letter from Discover informing her that her Payment Protection Program had been canceled.

36.     On or about October 11, 2010, Plaintiff received a telephone call from Discover regarding a negotiation and agreed final payment schedule on her three outstanding Discover accounts, including the Discover credit card account that was enrolled in the Payment Protection Program.

37.     The Discover representative who contacted Plaintiff confirmed that the account had been charged for the Program.

38.     Plaintiff settled two of her outstanding Discover accounts, but informed the Discover representative that she would not pay the remaining account in full because she had never authorized Discover to enroll or charge her for its Payment Protection Program.

39.     Discover has yet to provide Plaintiff a full refund of the unauthorized fees it collected from her.

## Class Allegations

40.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class (the "Class") defined as follows:

### *Class Definition*

All Discover credit card account holders who (i) were enrolled in the Discover Payment Protection Program without their authorization, and (ii) were charged a fee for the Payment Protection Program by or on behalf of Defendants.

* * * *

The following persons are excluded from the Class: (1) any Judge or Magistrate presiding over this action and immediate members of his or her family; (2) Defendants and their directors, officers, and employees; (3) persons who properly execute and file a timely request for exclusion

from the Class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

41.    **Numerosity**: The exact number of Class members is unknown and unavailable to Plaintiff, but the number of members and their geographic dispersion makes individual joinder impracticable.  On information and belief, Discover has wrongfully enrolled and charged thousands of Discover account holders who fall into the definition of the Class.  Members of the Class can be identified through Discover's own records.

42.    **Typicality**:  Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiff and the other members sustained damages arising out of Discover's uniform wrongful conduct, based upon the same types of transactions that were made repeatedly by Discover, with Plaintiff and the members of the Class.

43.    **Adequate Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class action litigation.  Plaintiff has no interest antagonistic to those of the Class, and Discover has no defenses unique to Plaintiff.

44.    **Predominance and Superiority**:  This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The injury suffered by individual members of the Class is likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Discover's actions.  Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Discover.  Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would require

multiple adjudications of identical legal and factual issues, thereby increasing the delay and expense to all parties and the Court. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

45. **Commonality:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

> a) Whether Discover's conduct constitutes a breach of contract;
>
> b) Whether Discover has been unjustly enriched as a result of its wrongful activities;
>
> c) Whether Discover's conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Businesses Practices Act; and
>
> d) Whether Discover's conduct constitutes violations of the Truth in Lending Act and Regulation Z.

## COUNT I

### Breach of Contract
**(Against DFS and Discover Bank, individually and on behalf of the Class)**

46. Plaintiff incorporates by reference the foregoing allegations.

47. Discover on the one hand, and Plaintiff and the Class on the other, entered into valid and enforceable card member agreements whereby Class members received Discover credit card accounts in exchange for their promise to pay to Discover at least the "minimum monthly payment" for all outstanding balances on the account.

48.     A material term of the card member agreements entered into by Plaintiff and the Class with Discover required that Discover only charge the Class members' credit card accounts for charges and fees they authorized.

49.     Plaintiff and members of the Class did not authorize Discover to enroll or charge their credit card accounts for its Payment Protection Program.

50.     Discover materially breached the terms of its card member agreements with Plaintiff and the Class through its wrongful conduct alleged herein, including enrolling and charging Class members' accounts for its Payment Protection Program without their authorization.

51.     Plaintiff and the members of the Class suffered damages in the form of monies lost as a direct result of Discover's actions alleged herein.

52.     Plaintiff, individually and on behalf of the Class, seeks damages for Discover's breach of their card member agreements, as well as interest, reasonable attorneys' fees, expenses, and costs to the extent allowable.

## COUNT II

### Unjust Enrichment (*in the alternative to breach of contract*)
**(Against DFS and Discover Bank, individually and on behalf of the Class)**

53.     Plaintiff incorporates by reference the foregoing allegations 1-46.

54.     Discover knowingly received a monetary benefit from Plaintiff and the Class in the form of payments made by Plaintiff and the Class for unauthorized Payment Protection Program charges.

55.     Discover knowingly and unjustly received and continues to receive a substantial monetary benefit from Plaintiff and the Class in the form of payments made by Plaintiff and the Class for unauthorized Payment Protection Program charges.

56.     Discover appreciates or has knowledge of such benefits.

57.     Discover has no valid basis to accept benefits that are derived from its unauthorized enrollment and charging of Plaintiff and other Class members' credit card accounts for its Payment Protection Program.

58.     If their card member agreements with Discover are for any reason found to be unenforceable, Plaintiff and the Class will have no adequate remedy at law.  In that case, under principles of equity and good conscience, Discover should not be permitted to retain the benefits it wrongfully received from Plaintiff and the Class.

59.     Plaintiff, individually and on behalf of the Class, seeks restitution for Discover's unjust enrichment, as well as interest, reasonable attorneys' fees, expenses, costs to the extent allowable, and such other and further relief the Court deems necessary to make them whole.

## COUNT III

### Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act
**(815 ILCS §§ 505/1, *et seq.*)**
**(Against DFS and Discover, individually and on behalf of the Class)**

60.     Plaintiff incorporates by reference the foregoing allegations.

61.     The Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/1, *et seq.*) ("ICFA") protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

62.     The ICFA prohibits any unlawful, unfair, or fraudulent business acts or practices including the employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact.

63.     As described herein, Discover's continuing practice of enrolling consumers in its Payment Protection Program and charging and collecting fees from their credit card accounts without authorization, constitutes a deceptive act or practice in violation of the ICFA.

64.     By failing to clearly and conspicuously disclose to the Class the material terms of of its Payment Protection Program, including the price of the Program and that Class members would be enrolled and charged without their authorization, Discover engaged in deceptive trade practices in violation of the ICFA.

65.     The price of a consumer product or service is a material term of any transaction as it is likely to affect a consumer's choice of, or conduct regarding, whether to purchase a product or service.  Any deception related to the price of a consumer product is materially misleading.

66.     Discover's failure to disclose the price of its Payment Protection Program or that they would be enrolled in the Program without their authorization is likely to mislead a consumer acting reasonably under the circumstances.

67.     Discover has violated the "unfair" prong of the ICFA by charging and collecting fees from the Class without their express consent.  The injuries caused by Discover's conduct are not outweighed by any countervailing benefits to consumers or competition.

68.     The nature of Discover's conduct at issue, namely its unilateral assessment of Payment Protection fees on the Class members' credit card accounts, rendered the Class unable to reasonably avoid the injuries they sustained.

69.     Discover intended that Plaintiff and the Class would rely on its deceptive conduct.

70.     In violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the unlawful prong of the ICFA, Discover made solicitations for the extension of credit that were

unclear and failed to disclose the terms of the commitment that Discover was extending to consumers.

71.     Discover further violated TILA and the unlawful prong of the ICFA by failing to disclose (in its credit card applications, solicitations, card member agreements, billing statements, or anywhere else) that the fee charged in connection with its Payment Protection Program was a finance charge.

72.     The unfair, unlawful, and deceptive conduct at issue in this Complaint took place in the course of trade or commerce.

73.     Plaintiff and the Class suffered actual damages as a proximate result of Discover's deceptive conduct in the form of monies lost.

74.     Upon information and belief, the unfair, unlawful, and deceptive conduct at issue in this Complaint occurred primarily and substantially in the State of Illinois, and has the most significant relationship with Illinois.

75.     Plaintiff, individually and on behalf of the Class, seeks an order requiring Discover to cease the challenged practices alleged herein and awarding damages, statutory interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable.

## COUNT IV

### Violations of the Truth in Lending Act
### (15 U.S.C. §§ 1601, *et seq.*)
### (Against DFS and Discover Bank, individually and on behalf of the Class)

76.     Plaintiff incorporates by reference the foregoing allegations.

77.     Throughout the relevant time period, Discover sold the alleged credit services to individuals in this District and nationwide.

78.     The purposes of the Truth in Lending Act of 1968, 15 U.S.C. §§ 1601, *et seq.*, and Regulation Z, 12 C.F.R. part 226, is "to assure a meaningful disclosure of credit terms so that the

consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); 12 C.F.R. 226.1(b).

79.     TILA requires that Discover's solicitations for the extension of credit be made clearly, conspicuously and in a readily understood language that discloses the terms of the commitment that Discover is extending to consumers.

80.     Discover does not disclose—in its credit card applications, solicitations, card member agreements, billing statements, or anywhere else—that the fee charged in connection with Discover's Payment Protection Program is a finance charge and thereby, violates 15 U.S.C. §§ 1605 and 1637(b)(4) of the TILA and Regulation Z.

81.     Accordingly, Plaintiff, on behalf of herself and the Class, seeks damages for Discover's violations of TILA and Regulation Z, including actual damages, the lesser of $500,000 or one percent of Discover's net worth, and costs and reasonable attorneys' fees.

## Request for Relief

WHEREFORE, Plaintiff Kathleen Callahan, individually and on behalf of the members of the Class, requests that the Court grant the following relief:

a.     Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff Kathleen Callahan as Class representative, and appoint her counsel as Class Counsel;

b.     Enter judgment against Discover Financial Services, Inc. and Discover Bank on all counts of this Complaint;

c.     Award Plaintiff and the Class all actual damages caused by Defendants' wrongful conduct;

d.    Award Plaintiff and the Class civil penalties, statutory damages, and/or punitive damages, to the maximum extent allowable under applicable law;

e.    Award Plaintiff and the Class restitution, as appropriate, to the maximum extent to which they are entitled, including all amounts by which Defendants have been unjustly enriched, and all other relief necessary to make them whole;

f.    Award Plaintiff and the Class reasonable costs, expenses, and attorneys' fees, to the extent allowable;

g.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

h.    Enter judgment for injunctive, statutory, and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

i.    Award such other and further relief as equity and justice may require.

## Jury Demand

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated:  November 5, 2010                    Respectfully submitted,

                                            **KATHLEEN CALLAHAN**, individually
                                            and on behalf of all others similarly situated

                                            By:  /s/ Benjamin H. Richman
                                                 One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel:  (312) 589-6370
Fax:  (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com